UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEN H. SINSHEIMER, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>U.S. DEPARTMENT OF )<br>HOMELAND SECURITY, et. al., )<br>)<br>    Defendants. )<br>) | Civil Action No. 04-1768 (RCL) |

## MEMORANDUM OPINION

This matter comes before the Court on defendants' motion [45] for summary judgment. Upon consideration of defendants' motion, the opposition thereto, the reply brief, the applicable law, and the entire record herein, the Court concludes that the defendants' motion will be granted. The Court agrees with defendants' contention that the documents in question were properly withheld under Freedom of Information Act ("FOIA") Exemptions 2 and 7(C). See 5 U.S.C. §§ 552(b).

## BACKGROUND

This case arises under the FOIA. It pertains to the processing of plaintiff Allen Sinsheimer's FOIA requests by the U.S. Department of Homeland Security ("DHS"), and specifically by the Immigration and Naturalization Service ("INS"). The documents sought involve two INS Equal Employment Opportunity ("EEO") reports of investigations of complaints filed respectively by Ms. Georgia Mayers and Ms. Barbara Lockhart, both colleagues of plaintiff at the time he worked at INS, and one report of an investigation by the INS' Office of

Internal Audit ("OIA").  (Compl. ¶¶ 3, 6.)

Plaintiff is a Certified Public Accountant and current GS-13 employee of the DHS at Customs and Border Protection Division ("CBP").  Plaintiff contends that the allegations underlying the three investigations that are the subject of this suit arose when, in 2000, he brought an EEO action for non-selection for a position in the Office of Financial Management ("OFM") at INS.  (Sinsheimer Decl. ¶ 5.)  Plaintiff had competed for a promotion to the GS-14 slot.  Subsequent to the selection of Ms. Georgia Mayers, a fellow employee, plaintiff informed management of several improper accounting related activities engaged in by Ms. Mayers.  (Id. ¶¶ 7-8.)  Soon thereafter, Ms. Georgia Mayers and Ms. Barbara Lockhart, another employee, filed a sexual harassment complaint against plaintiff.  After a complete investigation, plaintiff was permitted to return to work and charges were eventually dismissed.  (Pl.'s Ex. 4)

In or about April 2002, plaintiff began requesting in writing that INS/OIA provide him with all materials of both the Legacy INS/OIA Investigatory Unit Reviews and the EEO Office investigations dealing with the allegations brought against him by Ms. Mayers and Ms. Lockhart. On May 16, 2003 plaintiff received documents with unexplained redactions and challenged the response from the Agency in an email to Mr. Yentzer, Director, Office of Administration. (Defs.' Mot. 2.)  Since the filing of the Complaint on October 14, 2004, defendants have provided four additional responses to plaintiff's FOIA requests, as well as detailed Vaughn indices identifying the factual and legal basis for either withholding documents in their entirety or redacting documents provided to plaintiff.  See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).  However, plaintiff asserts that the documents withheld have been withheld improperly in violation of the FOIA and that the Vaughn indices are not specific enough to permit the plaintiff,

or the Court, to ascertain whether the reasons for withholding the documents are appropriate. (Pl.'s Opp'n 2.) Further, plaintiff argues that defendants have acted in bad faith by falsely stating that the documents are protected.

On January 24, 2006 defendants moved for summary judgment, claiming that the material not provided to plaintiff has been properly withheld under FOIA's "personal privacy exemptions," 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), and an exemption for information pertaining solely to an agency's internal personnel rules and practices, 5 U.S.C. § 552(b)(2). (Defs.' Mot. 2.) Defendants also maintain that they have made a good faith effort to ascertain if further non-exempt material may be segregated from the material that is exempt. (Id.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the nonmoving party. See Liberty Lobby, 477 U.S. at 249.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. Liberty Lobby, 477 U.S. at 255. However, a nonmoving party must establish more than "the

mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  Additionally, the nonmoving party may not rely solely on allegations or conclusory statements.  Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  Id.

In FOIA cases, a court may grant summary judgment on the basis of government affidavits or declarations that explain how requested information falls within a claimed exemption, as long as the affidavits or declarations are sufficiently detailed, non-conclusory, and submitted in good faith, and as long as the plaintiff has no significant basis for questioning their reliability.  Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978).

## DISCUSSION

For defendants to prevail on their summary judgment motion in a FOIA case, they must demonstrate that no material facts are in dispute and that each document that falls within the class requested either has been produced, has not been withheld, is unidentifiable, or is exempt from disclosure.  Weisberg v. DOJ, 627 F.2d 365, 368 (D.C. Cir. 1980).  Plaintiff asserts that a genuine issue of material fact exists as to whether defendants were utilizing Equal Employment Opportunity Commission ("EEOC") and OIA investigations to retaliate against the plaintiff for his prior EEOC activity and related disclosures.  Plaintiff further contends that, if the investigations were made inappropriately or in bad faith, the agency should not be able to hide behind its claimed FOIA exemptions.  In turn, defendants maintain that the information was properly withheld under FOIA Exemptions 2, 6, and 7(C).  Furthermore, defendants claim that all reasonably segregable material has been released.  The Court agrees with defendants that Exemptions 2 and 7(C) apply to justify the withholdings, and thus will not address exemption 6.

I.   FOIA Exemptions

To withhold documents responsive to a FOIA request, an agency must show that the withheld documents fall within one of the statutory exemptions to FOIA.  Weisberg, 705 F.2d at 1351.  To make such a showing, an agency may submit affidavits and declarations describing the documents withheld and the statutory basis for the withholdings.  See Vaughn, 484 F.2d 820.  Any reasonably segregable portions of requested records must be disclosed once the exempt portions have been redacted, Oglesby v. United States Dep't of the Army, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

   A.   Exemption 7(C)

Exemption 7(C) protects against unwarranted invasions of privacy by allowing agencies to withhold documents revealing the identities of suspects and others of investigatory interest who are identified in agency records in connection with law enforcement investigations.  DOJ v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989).  The privacy interest of those protected by this exemption, of course, must be balanced against the public interest, if any, that would be served by disclosure.  Albuquerque Publ'g Co. v DOJ, 726 F. Supp. 851, 855 (D.D.C. 1989).

   B.   Exemption 2

Exemption 2 protects from mandatory disclosure records "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Exemption (b)(2) applies primarily to two categories of materials: (1) internal agency matters so routine or trivial that they could not be "subject to . . . a genuine and significant public interest;" and (2) internal agency

matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations. Nat'l Treasury Employees Union v. U.S. Customs Serv., 802 F.2d 525, 528-30 (D.C. Cir. 1986).

*1. Reports of Investigations*

*(a) Threshold Requirement*

In this case, defendants contend that they withheld the reports on the investigations concerning plaintiff because the three investigations at issue here satisfy the threshold requirement of being carried out for "law enforcement purposes." 5 U.S.C. § 552(b)(7)(C). The Court agrees.

The three investigations at issue here, regarding allegations of sexual misconduct, satisfy the threshold requirement of being carried out for "law enforcement purposes." 5 U.S.C. § 552(b)(7)(C). It has been long established that the phrase "law enforcement purposes," as used in section 552(b)(7), extends to both criminal and civil proceedings. See Pratt v. Webster, 673 F.2d 408, 420 n. 32 (D.C. Cir. 1982). The investigation may arise in the course of carrying out an agency's administrative duties – as opposed to a duty tied directly to the substantive mission of the agency – if "the inquiry departs from the routine and focuses with special intensity upon a particular party." Ctr for Nat'l Policy Review on Race and Urban Issues v. Weinberger, 502 F.2d 370, 374 (D.C. Cir. 1974). To qualify as having a law enforcement purpose, records must generally be generated during the course of an investigation and involve the detection or punishment of violations of law. Ortiz v. Dep't of Health and Human Services, 70 F.3d 729, 732-33 (2d Cir. 1995). It is the purpose of the record, not the role of the agency, that is determinative. Webster, 673 F.2d at 420-21.

The investigations at issue were carried out to determine whether the conduct alleged to have been perpetrated by plaintiff occurred, and thus gave rise to circumstances that would constitute a civil rights violation.  The Court finds that the investigations were carried out to enforce federal civil rights laws, and thus had a law enforcement purpose.  The fact that they were not criminal investigations does not defeat the application of Exemption 7.  See e.g. Mittleman v. OPM, 76 F.3d 1240 (D.C. Cir. 1996).

For these reasons, the documents at issue satisfy the threshold requirements for Exemption 7(C).

*(b)     Balancing Requirement*

As discussed above, after the threshold requirement has been met, the privacy interest of those protected by this exemption must be balanced against the public interest, if any, that would be served by disclosure.  Albuquerque Publ'g Co., 726 F. Supp. at 855.  The central public interest in FOIA is shedding light on an agency's performance of its statutory duties.  Reporters Comm., 489 U.S. at 773.  In balancing those interests, the Supreme Court has made clear that the purpose for which a FOIA request is made, and the identity of the requesting party have no bearing on the balance between public and private interests.  Id. at 771.  Moreover, the Supreme Court has emphasized breadth of the privacy interests at stake, comprising all interests that individuals have in controlling access to information about themselves.  Id. at 763.

Plaintiff argues that "if the EEOC process and the Internal Audit process of a major federal agency were misused [for] purposes not originally intended then . . . this misuse should be brought to light and made public." (Pl.'s Opp'n 11.)  The Court is not persuaded by plaintiff's arguments.

Plaintiff acknowledges that he "speculates as to the significance of the public interest." (Id. at 11.) Plaintiff's personal reasons for wanting the subject documents are not legally cognizable factors in determining the propriety of the application of Exemption (7)(C). See Reporters Comm., 489 U.S. at 771. The Supreme Court has made clear that the purpose for which a FOIA request is made, and the identity of the requesting party, have no bearing on the balance between public and private interests. Id. Plaintiff's personal interest in the information is not tantamount to a public interest in disclosure. Furthermore, the fact that plaintiff was exonerated following an investigation does not provide a substantial basis for finding a public interest in disclosure of these documents.

The disclosure of the names of witnesses, plaintiff's co-workers, investigators, and other personnel mentioned in the reports of investigations, who have thus been implicated -- directly or indirectly -- in these sexual harassment charges, would be extremely invasive of a well-recognized privacy interest. See, e.g., Doherty v. DOJ, 775 F.2d 49, 52 (2d Cir. 1985); Lesar v. DOJ, 636 F.2d 472, 487 (D.C. Cir. 1980). Indeed, the disclosure of witnesses' names and the details of their factual statements about the charges of sexual misconduct allegedly perpetrated by the plaintiff does not reflect on the activities of the government in carrying out its mission. Disclosure would not significantly advance the public knowledge of government operations. More importantly, there is a very real public interest in encouraging cooperation and participation of agency employees in investigations of civil rights violations. The disclosure of their identifying information under FOIA would discourage that participation.

The Court also agrees with defendants that the performance evaluations of one of the complainants was properly withheld. Information contained in performance evaluations is very

sensitive and personal, and courts have held that employees' privacy interests outweigh any purported public interest in their evaluations. See e.g. FLRA v. Dep't of Commerce, 962 F.2d 1055, 1059 (D.C. Cir. 1992) (stating "a mandatory personnel evaluation, whether favorable or not, is intensely personal" and "employees have a substantial interest in keeping this information private"; union's desire to use the information to better represent bargaining unit employees is not a public interest that outweighs it).

As stated in Nat'l Ass'n of Retired Fed. Employees v. Horner, "even a modest privacy interest, outweighs nothing every time." 879 F.2d 873, 879 (D.C. Cir. 1989)  Here, there is much more than a "modest privacy interest": the privacy interests of witnesses, co-workers, investigators, and other personnel overwhelmingly favor non-disclosure.

*2.     Employee Misconduct Document*

Defendants also properly asserted Exemption 2 in withholding a document entitled "OI-287 Reporting and Resolving Allegations of Employee Misconduct (Revised effective 2/26/96)." According to the OIA Vaughn Index,

> This document consists of agency procedures for the conduct of sexual harassment investigations. It consists of law enforcement techniques and methods, the exposure of which would create a serious risk of circumvention of the law by allowing subjects to anticipate and potentially foil investigative tactics the agency must protect to perform its official mission.

(OIA Vaughn Index at 3.)  Because disclosure of the document would aid in the circumvention of law enforcement techniques and methods, the document falls directly under the definition of information that can be permissibly withheld under Exemption (b)(2).

II.     Segregation

FOIA requires that if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977). This Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." Mead Data, 566 F.2d at 261. All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996) (citations omitted). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." Mead Data, 566 F.2d at 261 n.55.

Here, plaintiff asserts that defendants' statements regarding segregability are conclusory, and do not indicate why the privacy interests at stake could not be protected by simply redacting particular identifying information. (Pl.'s Mot. 12.) Plaintiff also contends that the release of the name of one person vitiates the privacy interests of other individuals, or any privacy interest in other personal information about that person. The Court disagrees. Declarants Magda Ortiz and Marshall Fields, Jr. have attested that they personally reviewed each document covered respectively by the Lockhart and Mayers' Vaughn indices and the OIA Vaughn index. (See

Defs.' Mot. Ex. D.) Moreover, declarants have affirmed that the information in those documents that is exempt from disclosure under FOIA is so inextricably intertwined with the information that could be construed as non-exempt that it would not be possible to disclose the non-exempt portion such that (a) the disclosure would be meaningful, and (b) the matters sought to be protected would remain protected. (Id.)

Accordingly, defendants have met their burden of reasonably segregating exempt information from the documents.

## CONCLUSION

For the foregoing reasons, defendants' motion [45] for summary judgment is granted and this case will be dismissed with prejudice.

A separate Order will issue this date.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 16, 2006.